**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| MILA US INC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 1:26-cv-2107<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**<u>AGAINST APPLE INC.</u>**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Mila US Inc ("Plaintiff" or "Mila") makes the following allegations against Defendant Apple Inc. ("Defendant" or "Apple"):

## <u>INTRODUCTION</u>

1. This complaint arises from Apple's unlawful infringement of the following United States patents concerning improvements in image processing: United States Patent Nos. 7,924,296 ("the '296 Patent"), 7,966,436 ("the '436 Patent"), 7,814,282 ("the '282 Patent"), and 8,018,499 ("the '499 Patent") (collectively, the "Asserted Patents").

## <u>PARTIES</u>

2. Plaintiff Mila US Inc is a Texas corporation with its principal place of business at 6500 River Place Boulevard, Building 7, Suite 250, Austin, Texas 78730. Mila is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3. On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple may be served with process through its registered agent, CT Corporation System, at 330 North Brand Boulevard, Suite 700, Glendale, California 91203.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Apple in this action because Apple has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. Apple maintains several places of business within the State of Texas, including at 12545 Riata Vista Circle, Austin, Texas 78727. Apple, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, and selling products that infringe the Asserted Patent. Apple is registered to do business in the State of Texas, and has appointed as its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, for service of process.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Apple is registered to do business in Texas, and upon information and belief, Apple has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the

Asserted Patents. Apple has regular and established places of business in this District, including at 12545 Riata Vista Circle, Austin, Texas 78727; 6900 W Parmer Lane, Austin, Texas 78729; 320 South Capital of Texas Hwy, West Lake Hills, Texas 78746; 7400 San Pedro Avenue, San Antonio, Texas 78216; 3121 Palm Way, Austin, Texas 78758; 15900 La Cantera Parkway, San Antonio, Texas 78256; 8401 Gateway Boulevard West, El Paso, Texas 79925; and 2901 South Capital of Texas Hwy, Austin, Texas, 78746.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,924,296**

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,924,296, titled "System and method for DMA controlled image processing." The '296 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2011. A true and correct copy of the '296 Patent is attached as Exhibit 1.

9. On information and belief, Apple has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Mac products incorporating Apple System-on-Chips ("SoCs") including M1 or later incorporating a "Display Coprocessor (DCP)" ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '296 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the ’296 Patent. A claim chart comparing exemplary independent claim 1 of the ’296 Patent to representative Accused Products is attached as Exhibit 2.

11. On August 27, 2024, Mila sent Apple a letter indicating that “various products of Apple infringe MILA’s patents,” expressly identifying Apple’s “A-series chips and M-series chips” as “infring[ing] MILA’s multimedia processing patents such as US 7,924,296” (the ’296 Patent), explaining that the ’296 Patent “relate[s] to alpha blending of multilayers with DMA (direct memory access).” Ex. 3 (August 27, 2024 Notice Letter). On September 17, 2024, Apple responded to the August 27, 2024 Notice Letter, indicating that Apple “will investigate … detailed allegations of infringement.” Ex. 4 (September 17, 2024 Apple Response).

12. Apple knowingly and intentionally induces infringement of one or more claims of the ’296 Patent in violation of 35 U.S.C. § 271(b). As of August 27, 2024 (or at least as of the time of the filing and service of this complaint), Apple has knowledge of the ’296 Patent and the infringing nature of the Accused Products. Despite this knowledge of the ’296 Patent, Apple continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 2) to use the Accused Products in ways that directly infringe the ’296 Patent. For example, Apple advertises that the Accused Products include “an Input/Output Memory Management Unit (IOMMU) for each DMA agent in the system.” *See* Exhibit 5 (https://support.apple.com/en-bn/guide/security/seca4960c2b5/web). Apple also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through using “Picture in Picture.” *See* Exhibit 6 (https://support.apple.com/lv-lv/guide/safari/ibrw27291639/mac). Apple provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its

customers and end users will commit these infringing acts. Apple also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the ’296 Patent, thereby specifically intending for and inducing its customers to infringe the ’296 Patent through the customers’ normal and customary use of the Accused Products.

13. Apple has also infringed, and continues to infringe, one or more claims of the ’296 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the ’296 Patent, are especially made or adapted to infringe the ’296 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of August 27, 2024 (or at least as of the time of filing and service of the original complaint), Apple had knowledge of the ’296 Patent and the infringing nature of the Accused Products. Apple has been, and currently is, contributorily infringing the ’296 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Apple’s SoCs and/or Display Coprocessors constitute a material part of the inventions claimed in the ’296 Patent, are especially made or adapted to infringe the ’296 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 2.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the ’296 Patent pursuant to 35 U.S.C. § 271.

15. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the ’296 Patent, and any licensees did not make, offer for sale, or sell products that

practice(d) the ’296 Patent during the relevant time period or were not required to mark during the relevant time period.

16. As described above, Apple obtained knowledge of Mila’s patent portfolio and that certain Apple products infringe Mila’s patents as of at least August 27, 2024, but has not ceased its infringing activities. Apple’s infringement of the ’296 Patent has been and continues to be willful and deliberate. Apple also has knowledge of the ’296 Patent by way of the original complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

17. As a result of Apple’s direct and indirect infringement of the ’296 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Apple’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court. Plaintiff is also entitled to equitable relief, including damages for future infringement.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,966,436

18. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,966,436, titled “Data transmitter having high and low speed transmission units.” The ’436 Patent was duly and legally issued by the United States Patent and Trademark Office on June 21, 2011. A true and correct copy of the ’436 Patent is attached as Exhibit 7.

20. On information and belief, Apple has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Apple's products that implement MIPI DSI functionality (including at least iPhone products incorporating Apple System-on-Chips ("SoCs") including A14 or later) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '436 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

21. The Accused Products satisfy all claim limitations of one or more claims of the '436 Patent. A claim chart comparing exemplary independent claim 1 of the '436 Patent to representative Accused Products is attached as Exhibit 8.

22. On August 27, 2024, Mila sent Apple a letter indicating that "various products of Apple infringe MILA's patents," expressly identifying Apple's "A-series chips and M-series chips" as "infring[ing] MILA's multimedia processing patents, such as … US 7,966,436" (the '436 Patent). Ex. 3 (August 27, 2024 Notice Letter). On September 17, 2024, Apple responded to the August 27, 2024 Notice Letter, indicating that Apple "will investigate … detailed allegations of infringement." Ex. 4 (September 17, 2024 Apple Response).

23. Apple knowingly and intentionally induces infringement of one or more claims of the '436 Patent in violation of 35 U.S.C. § 271(b). As of August 27, 2024 (or at least as of the time of the filing and service of this complaint), Apple had knowledge of the '436 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '436 Patent, Apple continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 8) to use the Accused Products in ways that directly infringe the '436 Patent. For example, Apple advertises that the Accused

Products include "Super Retina XDR display" functionality. *See* Exhibit 9 (https://support.apple.com/en-us/109039). Apple also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through using MIPI DSI functionality. *See id*. Apple provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Apple also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '436 Patent, thereby specifically intending for and inducing its customers to infringe the '436 Patent through the customers' normal and customary use of the Accused Products.

24. Apple has also infringed, and continues to infringe, one or more claims of the '436 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '436 Patent, are especially made or adapted to infringe the '436 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of August 27, 2024 (or at least as of the time of filing and service of the original complaint), Apple had knowledge of the '436 Patent and the infringing nature of the Accused Products. Apple has been, and currently is, contributorily infringing the '436 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Apple's SoCs and/or Display Coprocessors constitute a material part of the inventions claimed in the '436 Patent, are especially made or adapted to infringe the '436 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 8.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the ’436 Patent pursuant to 35 U.S.C. § 271.

26. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the ’436 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the ’436 Patent during the relevant time period or were not required to mark during the relevant time period.

27. As described above, Apple obtained knowledge of Mila’s patent portfolio and that certain Apple products infringe Mila’s patents as of August 27, 2024, but has not ceased its infringing activities. Apple’s infringement of the ’436 Patent has been and continues to be willful and deliberate. Apple also has knowledge of the ’436 Patent by way of the original complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

28. As a result of Apple’s direct and indirect infringement of the ’436 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Apple’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court. Plaintiff is also entitled to equitable relief, including damages for future infringement.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,814,282

29. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,814,282, titled "Memory share by a plurality of processors." The '282 Patent was duly and legally issued by the United States Patent and Trademark Office on October 12, 2010. A true and correct copy of the '282 Patent is attached as Exhibit 10.

31. On information and belief, Apple has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation its iPhone products incorporating A-series Apple System-on-Chips ("SoCs") using a unified memory architecture ("UMA") ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '282 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

32. The Accused Products satisfy all claim limitations of one or more claims of the '282 Patent. A claim chart comparing exemplary independent claim 1 of the '282 Patent to representative Accused Products is attached as Exhibit 11.

33. On August 27, 2024, Mila sent Apple a letter indicating that "various products of Apple infringe MILA's patents," providing a claim chart "show[ing]" infringement of the '282 Patent. Ex. 3 (August 27, 2024 Notice Letter). On September 17, 2024, Apple responded to the August 27, 2024 Notice Letter, indicating that Apple "will investigate … detailed allegations of infringement." Ex. 4 (September 17, 2024 Apple Response).

34. Apple knowingly and intentionally induces infringement of one or more claims of the '282 Patent in violation of 35 U.S.C. § 271(b). As of August 27, 2024 (or at least as of the time of the filing and service of this complaint), Apple had knowledge of the '282 Patent and the

infringing nature of the Accused Products. Despite this knowledge of the ’282 Patent, Apple continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 11) to use the Accused Products in ways that directly infringe the ’282 Patent. For example, Apple advertises that the Accused Products include a “unified memory model.” *See* Exhibit 12 (https://developer.apple.com/library/archive/documentation/3DDrawing/Conceptual/MTLBestPracticesGuide/ResourceOptions.html). Apple also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through using the “UMA.” *See id.* Apple provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Apple also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the ’282 Patent, thereby specifically intending for and inducing its customers to infringe the ’282 Patent through the customers’ normal and customary use of the Accused Products.

35. Apple has also infringed, and continues to infringe, one or more claims of the ’282 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the ’282 Patent, are especially made or adapted to infringe the ’282 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of August 27, 2024 (or at least as of the time of filing and service of the original complaint), Apple had knowledge of the ’282 Patent and the infringing nature of the Accused Products. Apple has been, and currently is, contributorily infringing the ’282 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Apple’s A-series SoCs using

a unified memory architecture constitute a material part of the inventions claimed in the ’282 Patent, are especially made or adapted to infringe the ’282 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 11.

36. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the ’282 Patent pursuant to 35 U.S.C. § 271.

37. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the ’282 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the ’282 Patent during the relevant time period or were not required to mark during the relevant time period.

38. As described above, Apple obtained knowledge of Mila’s patent portfolio and that certain Apple products infringe Mila’s patents as of at least August 27, 2024, but has not ceased its infringing activities. Apple’s infringement of the ’282 Patent has been and continues to be willful and deliberate. Apple also has knowledge of the ’282 Patent by way of the original complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

39. As a result of Apple’s direct and indirect infringement of the ’282 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Apple’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court. Plaintiff is also entitled to equitable relief, including damages for future infringement.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 8,018,499**

40. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,018,499, titled "Image processing method and device using different clock rates for preview and capture modes." The '499 Patent was duly and legally issued by the United States Patent and Trademark Office on September 13, 2011. A true and correct copy of the '499 Patent is attached as Exhibit 13.

42. On information and belief, Apple has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation its iPhone products incorporating an A-series system-on-chip ("SoC") and a camera ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '499 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

43. The Accused Products satisfy all claim limitations of one or more claims of the '499 Patent. A claim chart comparing exemplary independent claim 1 of the '499 Patent to representative Accused Products is attached as Exhibit 14.

44. On August 27, 2024, Mila sent Apple a letter indicating that "various products of Apple infringe MILA's patents," expressly identifying Apple's "A-series chips and M-series chips" as "infring[ing] MILA's image signal processing patents such as … US 8,018,499" (the '499 Patent). Ex. 3 (August 27, 2024 Notice Letter). On September 17, 2024, Apple

responded to the August 27, 2024 Notice Letter, indicating that Apple "will investigate … detailed allegations of infringement." Ex. 4 (September 17, 2024 Apple Response).

45. Apple knowingly and intentionally induces infringement of one or more claims of the '499 Patent in violation of 35 U.S.C. § 271(b). As of August 27, 2024 (or at least as of the time of the filing and service of this complaint), Apple had knowledge of the '499 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '499 Patent, Apple continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 14) to use the Accused Products in ways that directly infringe the '499 Patent. For example, Apple advertises that the Accused Products include camera "preview" functionality. *See* Exhibit 15 (https://developer.apple.com/documentation/avfoundation/setting-up-a-capture-session). Apple also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through using the camera to take photos and videos. *See id.* Apple provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Apple also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '499 Patent, thereby specifically intending for and inducing its customers to infringe the '499 Patent through the customers' normal and customary use of the Accused Products.

46. Apple has also infringed, and continues to infringe, one or more claims of the '499 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '499 Patent, are especially made or adapted to infringe the '499 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of August 27, 2024 (or at least as

of the time of filing and service of the original complaint), Apple had knowledge of the ’499 Patent and the infringing nature of the Accused Products. Apple has been, and currently is, contributorily infringing the ’499 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Apple’s A-series system-on-chip (“SoC”) and/or image signal processor constitute a material part of the inventions claimed in the ’499 Patent, are especially made or adapted to infringe the ’499 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 14.

47. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the ’499 Patent pursuant to 35 U.S.C. § 271.

48. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the ’499 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the ’499 Patent during the relevant time period or were not required to mark during the relevant time period.

49. As described above, Apple obtained knowledge of Mila’s patent portfolio and that certain Apple products infringe Mila’s patents as of at least August 27, 2024, but has not ceased its infringing activities. Apple’s infringement of the ’499 Patent has been and continues to be willful and deliberate. Apple also has knowledge of the ’499 Patent by way of the original complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

50. As a result of Apple’s direct and indirect infringement of the ’499 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Apple’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court. Plaintiff is also entitled to equitable relief, including damages for future infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Apple has infringed, either literally and/or under the doctrine of equivalents, the ’296, ’436, ’282, and ’499 Patents;

b. A judgment and order requiring Apple to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Apple’s infringement of the ’296, ’436, ’282, and ’499 Patents;

c. A judgment that Apple’s infringement of the ’296, ’436, ’282, and ’499 Patents has been willful and order requiring Apple to pay treble damages for willful infringement;

d. A judgment and order requiring Apple to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

e. A judgment and order requiring Apple to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys’ fees against Apple; and

g. Any and all other relief as the Court may deem appropriate and just under the

circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 29, 2026

Respectfully submitted,

*/s/ Brett Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bclgpc.com
Seth Hasenour (TX SBN 24059910)
shasenour@bclgpc.com
Jonathan Yim (NY SBN 5324967)
jyim@bclgpc.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bclgpc.com
Scott Kolassa (NY SBN 4308409)
skolassa@bclgpc.com
Amy E. Hayden (CA SBN 287026)
ahayden@bclgpc.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Mila US Inc***